GRABER, Circuit Judge,
concurring in part and dissenting in part:
I concur in part and dissent in part.
I would assume, without deciding, Petitioner’s credibility. I would deny the petition with respect to Petitioner’s asylum claim on the ground that substantial evidence supports the IJ’s finding that Petitioner no longer has a well-founded fear of future persecution because of changed country conditions.
With respect to Petitioner’s request for humanitarian relief, in my view the majority exceeds our court’s authority by denying this issue on the merits. The message of INS v. Orlando Ventura, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), Gonzales v. Thomas, 547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam), and related cases is not limited to issues of fact, as the majority as *273 serts. Since SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947), it has been the law that a court may not affirm an executive branch agency’s decision for a reason not given by that agency. Here, Petitioner clearly argued for this form of relief to the BIA (the argument had its own clear heading in Petitioner’s brief under number IV), yet the BIA did not mention this claim in any way in its decision, nor did it rule on the claim. Our precedent requires the BIA to rule on every issue separately argued to it. Sagaydak v. Gonzales, 405 F.3d 1035 (9th Cir.2005); Lopez v. Ashcroft, 366 F.3d 799 (9th Cir.2004). For these reasons, I would grant and remand with respect to the claim for humanitarian relief to allow the BIA to rule on the claim in the first instance.
In all other respects, I concur.